## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**JOHN C. SPAULDING,**

      **Plaintiff,**

**vs.**                           **Case No. 4:11cv605-SPM/WCS**

**KENNETH TUCKER, et al.,**

      **Defendants.**

_____/


## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed a third amended civil rights complaint under 42 U.S.C. § 1983.  Doc. 17.  This version of the complaint has been reviewed pursuant to 28 U.S.C. § 1915A.

Plaintiff contends that his due process and equal protection rights have been violated because after he was found guilty of several disciplinary reports, he was placed in confinement.  Plaintiff alleges that he was held in confinement too long, that his custody status was upgraded while another inmate who committed the same infraction did not have his status upgraded.  Plaintiff asserts he has suffered deprivations beyond that of the ordinary rigors of prison life.  *Id.*

Plaintiff was placed in administrative confinement prior to issuance of the first disciplinary report, and then disciplinary confinement. Plaintiff claims he was kept in confinement too long because the disciplinary committee did not comply with Rule 33-601.308 which requires the committed to consider the amount of time served in administrative confinement before sending the inmate to disciplinary confinement.  Yet Plaintiff fails to provide allegations as to how the committee did not comply with that directive.  Plaintiff was sentenced to a term of days and there is no showing that such a term did not fall within the maximum penalty allowed.  Plaintiff's dissatisfaction with the amount of days imposed as a penalty is not a due process violation.  Moreover, the fact that a prison official did not comply with an administrative rule, if true, is not sufficient to present a federal due process claim.

Plaintiff did not lose gain time as a result of the two disciplinary reports he received.  Because Plaintiff did not lose gain-time as a result of the disciplinary reports and was only placed in confinement, he was not deprived of a protected liberty interest. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 162 L.Ed.2d 174 (2005) (noting that it "need reach the question of what process is due only if the inmates establish a constitutionally protected liberty interest"); *see also* Moulds v. Bullard, 2011 WL 4840733, at *3(1th Cir. 2011); Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999). Thus, his claims of due process violations in his disciplinary proceedings do not entitle him to relief.

"Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law." Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293, 2301, 132 L. Ed. 2d 418 (1995).  Absent an

"atypical, significant deprivation" or some affect on the duration of sentence, there is no liberty interest implicated by placement in disciplinary confinement for a limited period of time.[1]  115 S. Ct. at 2301-02.  Plaintiff was sentenced to confinement for a total of 90 days (30 days on the first disciplinary report and 60 days on the second).  That is not excessive or an atypical hardship.

Plaintiff also claims he his visitation privileges were revoked for six months, he had no telephone or television privileges, no radio, he could not order books from the library, and did not have full canteen privileges, although he had limited privileges (paper, stamps, and hygiene products).  All of those deprivations are typical for discipline during incarceration.  Plaintiff's basic needs were still met.  Plaintiff claims he was given limited recreation time in an outside eight foot by fifteen foot cage, but Plaintiff was still afforded some recreation, although he could not have extended time on a recreation yard.  Such a limitation was imposed due to disciplinary conduct and is not atypical from the ordinary incidents or prison life.  All of these due process claims fail.

Plaintiff's equal protection claim also must fail.  Plaintiff complains that another inmates committed the same infraction (lewd and lascivious exhibition) but did not have has close management status increased.  Further, that inmate was released back to

---

[1] The United States Court of Appeals for the Seventh Circuit has noted that "an inmate's liberty interest in avoiding segregation [is] very limited or even nonexistent," and terms of segregated confinement of six months or less generally do not implicate due process.  Marion v. Columbia Corr. Inst., 559 F.3d 693, 697 & n. 2 (7th Cir.2009) (collecting cases).  *See also Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir.2005) (ninety days in disciplinary segregation did not violate due process); Hoskins v. Lenear, 395 F.3d 372, 374–75 (7th Cir.2005) (sixty days in disciplinary segregation did not violate due process); Thomas [v. Ramos], 130 F.3d at 760–62[] (seventy days in disciplinary segregation did not violate due process); Terrell v. Godinez, 966 F.Supp. 679, 683 (N.D. Ill.1997) (sixty days in disciplinary segregation did not violate due process).

general population while Plaintiff was transferred and had his custody status upgraded. That claim fails to show an equal protection claim.  Plaintiff has not alleged anything to show that the two inmates were treated differently because of some constitutionally protected status, such as race.  Apparently the two inmates were simply treated differently based on disciplinary history and conduct.  That is permissible under the Constitution.

Plaintiff alleged that he was held in disciplinary confinement beyond the sentenced imposed.  However, Plaintiff was sentenced to thirty days on March 3, 2011, and to sixty days on March 24, 2011.  That means Plaintiff's first sentence expired on April 2, 2011, and then sixty days later, Plaintiff would have completed the second sentence.  That completion occurred on June 1, 2011, and Plaintiff alleges he was released from confinement on that date.  Doc. 17, p. 8.  Plaintiff's assertion that he should have completed his sentence earlier is erroneous and is based solely on Plaintiff's belief that he should have received more credit for the time he served in administrative confinement before sentencing on the disciplinary reports.  That is insufficient to state a claim for relief.  Plaintiff served the number of days for which he was sentenced.

Plaintiff has now been afforded several opportunities to submit a viable complaint.  No further opportunities should be extended.  Plaintiff has been aware of the deficiencies throughout this case, and he now tries to add on to this case claims concerning an attack by another inmate while he was in confinement, and delayed medical care.  Those claims must be pursue in a separate case as they concern separate events.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's third amended complaint, doc. 17, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on March 20, 2012.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**