## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**JOHN C. SPAULDING,**

     **Plaintiff,**

**vs.**                    **Case No. 4:11cv605-MP/CAS**

**KENNETH TUCKER, et al.,**

     **Defendants.**

_____/

### REPORT AND RECOMMENDATION

After this case was remanded from the Eleventh Circuit Court of Appeals, doc. 37, Plaintiff was given leave to file a fourth amended complaint. Docs. 37-41. Defendants Bass, Ford, Gartman, Goodwin, Howard, and Landrum flied a motion to dismiss, doc. 78, Plaintiff's fourth amended complaint, doc. 41. Thereafter, a second motion to dismiss, doc. 74, was filed by Defendants Crews, Neel, and Adams. Plaintiff was given until August 15, 2014, in which to file a response to both motions to dismiss, docs. 74 and 78.

Plaintiff has filed a response to those motions, doc. 82, but Plaintiff has also filed a motion requesting leave to file a fifth amended complaint. Doc. 81. The basis for that request is that Plaintiff is no longer a prisoner, *see* doc. 72. Plaintiff seeks leave to

amend the complaint so that he can request damages for emotional and psychological distress and also seek punitive damages.  *See* doc. 81.  Plaintiff asserts that Rule 15(d) authorizes a party to supplement a pleading, even if the original pleading were defective.  *Id., citing* Harris v. Garner, 216 F.3d 970 (11th Cir. 2000).

In many cases, a plaintiff is not required to submit an amended complaint solely to amend a request for damages.  Rule 54(c) provides that default judgments should not differ in kind or exceed the amount demanded in the pleadings.  However, the Rule goes on to state that "[e]very other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."  FED. R. CIV. P. 54(c).  *See* Lindsey v. Welsh, No. 7:09cv95, 2010 WL 3522584, at *2 (M.D. Ga. Aug. 16, 2010) (denying a motion to amend to clarify damages and stating, "Should the Plaintiff ultimately prevail in this action the Court [may] reassess Plaintiff's request for increased damages against the defendants named herein." ).  However, in this case, Plaintiff initiated this case while a state prisoner and, pursuant to 42 U.S.C. § 1997e(e) of the Prison Litigation Reform Act (hereinafter PLRA), was barred from seeking damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ."  Thus, a prisoner without serious physical injury, even if successful on his claims, could not seek compensatory monetary damages but only nominal damages.  Harris v. Garner, 216 F.3d 970 (11th Cir. 2000)[1], *reinstating in part* 190 F.3d 1279 (11th Cir. 1999); Osterback v. Ingram, et al., No. 00-10558, 263 F.3d

---

[1]  Harris v. Garner, 190 F.3d 1279 (11th Cir. 1999) was vacated by 197 F.3d 1059, and the Opinion Reinstated in Part on Rehearing by 216 F.3d 970 (11th Cir. 2000), *cert. denied* 121 S. Ct. 2214 (2001).  The parts of the panel opinion relevant to this legal issue were reinstated.

169 (11th Cir. 2001) (Table).  Furthermore, the PLRA also precludes an award "of punitive damages in the absence of physical injury."  <u>Al-Amin v. Smith</u>, 637 F.3d 1192, 1199 (11th Cir. 2011).

In <u>Harris v. Garner</u>, *supra*, eleven inmates filed a federal lawsuit challenging the violation of their constitutional rights.  216 F.3d at 972.   By the time judgment was entered fifteen and a half months later, six of the inmates had been released.  *Id.*  The question before the Eleventh Circuit was whether § 1997e(e) "applies to lawsuits that are filed while the plaintiff is a confined prisoner but which are not decided until after he is released from confinement."  *Id.*  The Court held that it does continue to apply.  *Id.*

> Insofar as the issue before us is concerned, the operative language of section 1997e(e) is "No federal civil action may be brought by a prisoner confined ...," and the load-bearing word is "brought," a derivative of the verb "bring" in the third person singular, passive voice.  The dispositive question is whether "bring" means to commence or start a lawsuit, or instead means to maintain or continue it to conclusion.

<u>Harris</u>, 216 F.3d at 973.  Relying on similar analysis from the Supreme Court, the Eleventh Circuit adopted the well established conclusion "that 'brought' and 'bring' refer to the filing or commencement of a lawsuit, not to its continuation."  *Id.* at 974, *citing* <u>Hoffman v. Blaski</u>, 363 U.S. 335, 341-43, 80 S.Ct. 1084, 1089-90, 4 L.Ed.2d 1254 (1960), and <u>Goldenberg v. Murphy</u>, 108 U.S. 162, 163, 2 S.Ct. 388, 389, 27 L.Ed. 686 (1883).

The Eleventh Circuit noted, as quoted by Plaintiff in his motion, that "Rule 15(d) does authorize a court to permit a party to supplement a pleading 'even though the original pleading is defective in its statement of a claim for relief or defense.' "  216 F.3d at 983.   However, the Court held that the "rule does not and cannot overrule a

substantive requirement or restriction contained in a statute (especially a subsequently enacted one)."  *Id.*  In light of Harris, Plaintiff's motion to amend his complaint to include monetary claims for compensatory and punitive damages for "emotional and psychological distress" should be denied.

Another reason to deny the fifth amended complaint is that although Plaintiff stated that his only reason to amend was to "supplement his complaint to support his release from custody" and add the monetary claims for emotional distress, review of Plaintiff's fifth amended complaint as submitted, doc. 81-1, reveals that he has also attempted to add a Defendant.  Plaintiff had not previously named Michael Crews, current Secretary of the Florida Department of Corrections as a Defendant, but he has now listed that Defendant in Section II of the proposed fifth amended complaint, although he did not list him on page one of the complaint.  Plaintiff contends that each named Defendant is "sued individually and in his or her official capacity."  Doc. 81-1 at 3.  There are no factual allegations presented which reveal any action or omission by Defendant Crews.  In reality, there could not be any personal involvement such that Defendant Crews could be named in his individual capacity because the events about which Plaintiff complains took place between February and June of  2011.  Yet Defendant Crews did not become the Deputy Secretary for the Florida Department of Corrections until November 25, 2011, and was not appointed by Governor Rick Scott as Secretary of the Florida Department of Corrections until December 17, 2012.

While FED. R. CIV. P. 15(a) generally provides that leave to amend "should be freely given," Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), futility of amendment is sufficient cause under Rule 15 to deny permission to

amend.  Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-1263 (11th Cir. 2004).

When an amended complaint fails to state a viable claim, it is not an abuse of discretion

to deny a motion to amend.  Smith v. Secretary For Dept. of Corrections, No. 06-11933,

2007 WL 3089531, *2 (11th Cir. Oct. 24, 2007).  Plaintiff's proposed fifth amended

complaint does not present any factual allegations as to Defendant Crews, nor does

Plaintiff state a claim against Defendant Crews.  Therefore, this presents another

reason for denying Plaintiff's motion to amend.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion

for leave to file a fifth amended complaint, doc. 81, be **DENIED** and this case

**REMANDED** for further proceedings, including consideration of the pending motions to

dismiss.

**IN CHAMBERS** at Tallahassee, Florida, on July 31, 2014.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**



**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and**
**recommendations within 14 days after being served with a copy of this report and**
**recommendation.  A party may respond to another party's objections within 14 days**
**after being served with a copy thereof.  Failure to file specific objections limits the**
**scope of review of proposed factual findings and recommendations.**