### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

**JOHN C. SPAULDING,**

      **Plaintiff,**

**vs.**                          **Case No. 4:11cv605-MP/CAS**

**KENNETH TUCKER, et al.,**

      **Defendants.**

_____/

### AMENDED REPORT AND RECOMMENDATION[1]

Plaintiff, an inmate proceeding pro se and in forma pauperis, initiated this case

on November 28, 2011.  Docs. 1, 2.  After review of Plaintiff's third amended civil rights

complaint, doc. 17, filed under 42 U.S.C. § 1983, a Report and Recommendation was

entered by United States Magistrate Judge William C. Sherrill, Jr., recommending

dismissal for failure to state a claim upon which relief may be granted.  Doc. 18.  Over

Plaintiff's objections, doc. 19, the Report and Recommendation was adopted, doc. 21,

and the case dismissed.  Doc. 22.  Plaintiff appealed, doc. 23, counsel was appointed to

represent Plaintiff, doc. 34, and the case was reversed and remanded by the Eleventh

Circuit Court of Appeals in early 2014 so Defendants could file a responsive pleading to

Plaintiff's third amended complaint.  Doc. 36.  Construed liberally, the Court found that

---

[1] The Report and Recommendation, doc. 146, entered on February 12, 2015, is amended to correct a typographical error.  On page 21, ¶ 3, the motion to dismiss was improperly identified as doc. 24 rather than doc. 74.  For clarity, this amended Report and Recommendation corrects that mistake and replaces the original Report and Recommendation.

Plaintiff "plausibly allege[d] that Defendant deprived him of constitutionally protected liberty interests without due process." *Id.* at 7.[2]  The case was referred to the undersigned for further proceedings on February 14, 2014.  Doc. 39.

On February 13, 2014, the pro se Plaintiff filed a motion requesting leave to file a fourth amended complaint.  Doc. 38.  The motion was granted.  Doc. 40.

Plaintiff's fourth amended complaint was a considerable expansion over the third amended complaint.  In the third amended complaint, Plaintiff named only five Defendants: Woodall, Gartmen, Lagos, Adams, and Neel.  In the fourth amended complaint, Plaintiff has sued fifteen Defendants: Tucker (Crews),[3] Woodall, Adams, Bass, Jennings, Johnson, Howard, Neel, Ford, Lagos, Reynolds, Landrum, Gardman, Madan, and Goodwin.  Plaintiff alleges that on March 18, 2011, Defendant Johnson directed Defendant Jennings to place a magnet and pink sheet on Plaintiff's door after Plaintiff received an allegedly false disciplinary report for lewd and lascivious exhibition.  Doc. 41 at 6.  Plaintiff states that no policy or rule has been implemented by the Department of Corrections "which states a magnet or pinksheet can be placed on an

---

[2] The specific claims noted were that Plaintiff had a liberty interest in not being identified as a sexual predator, and in remaining in the general prison population.  Doc. 36 at 6-7.  Plaintiff claimed "that the duration and conditions of his confinement were significantly restricted compared to the general prison population, and that" the hardship analysis could not be determined without a factual inquiry. *Id.*

[3] Plaintiff named Kenneth Tucker, former Secretary of the Florida Department of Corrections as a Defendant.  Michael Crews was appointed Secretary in December 2012, and was substituted for Tucker to the degree he was sued in his official capacity.  Doc. 54.  Michael Crews is no longer the Secretary.  Julie Jones was appointed Secretary in January 2015, and is automatically substituted pursuant to FED. R. CIV. P. 25(d).  The remainder of this Report and Recommendation will refer to Defendant Crews as Secretary Jones.

inmates celldoor or window for the purpose of indicating a sexual offense or predator."
*Id.*

Plaintiff also alleged he was placed on a "special management meal (loaf)"
pursuant to "a policy implemented on December 10, 209, Rule 33-602.223(4),(5),(a),(b).
*Id.*  Plaintiff claims Defendant Ford failed to comply with the policy by not including in
the statement of facts section of the disciplinary report that Plaintiff was placed on the
loaf, and a magnet and pink sheet were placed on his door.  *Id.* at 6-7.  Defendant
Landrum provided Plaintiff the loaf at dinner time.  *Id.* at 7.  Plaintiff complained to
Defendant Howard that his rights were violated because of a violation of the policy, but
Howard continued processing the disciplinary report.  *Id.*  Plaintiff further contends
Defendants Bass and Reynolds violated his rights by finding Plaintiff guilty at the
disciplinary hearing, and Defendants Woodall and Adams violated his rights by denying
Plaintiff's grievances in which he sought to overturn the disciplinary report.  *Id.* at 7-8.

Plaintiff alleged that Defendant Lagos knew Plaintiff should have been released
from disciplinary confinement on May 31, 2011, but did not release him until June 1,
2011.  *Id.* at 8.  Defendant Gartman then attempted to cover for Lagos and allegedly
"falsified an official document . . . by stating [Defendant] Lagos released the Plaintiff on
May 31, 2011, in the grievance response."  *Id.*  Plaintiff points out that Defendant Lagos
stated in another grievance response that "she released the Plaintiff on June 1, 2011."
*Id.*  Plaintiff alleges that Defendant Neel "unjustifiably denied" his appeal of a grievance
concerning exceeding his disciplinary confinement status.  *Id.*  Plaintiff states that "[a]ll
of these officials violated policy Rule 33-601.308(4)(L) by not giving him credit for the
administrative confinement time he served . . . before being sentenced to a combined

(90) ninety days" in disciplinary confinement.  *Id.* at 8.  Plaintiff contends he actually was on "D/C status" for "a total of 119 days on a 90 day D/C sentence."  *Id.* at 9.

Plaintiff asserts he received additional punishment by Defendants Woodall and Gartman when they upgraded him from close management III status to close management II status, and then again to close management I status for another allegedly false disciplinary report which was later overturned.  *Id.*

Plaintiff claims that inmate Johnny Cross had a more extensive disciplinary record than he did, and was placed on disciplinary confinement for the same offense, but his close management status was not upgraded.  *Id.*  Plaintiff contends this demonstrates his status upgrade was discriminatory.  *Id.*

The fourth amended complaint also alleges that disciplinary report #230-110189 should have been overturned because Defendant Howard rewrote the report "without authority and in violation of" Departmental rules.  *Id.* at 9.  Correspondingly, Plaintiff contends Defendants Johnson and Goodwin violated his rights in "failing to correct" that error.  *Id.*

Finally, Plaintiff claims that because of "the unconstitutionally imposed" sentence in disciplinary confinement and close management upgrade, he "was placed in the cell with a known gang member and was forced to fight for his life, which resulted in him breaking the metacarpal bone in his right pinky finger."  *Id.* at 10.  Plaintiff claims he was not provided timely treatment by Defendant Madan and his grievances concerning treatment were denied by Defendants Madan and Gartman.  *Id.*  Defendant Woodall confirmed in an email that his "x-ray results were negative."  *Id.*

**Unserved Defendants**

Service has not been executed on Defendants Johnson, Jennings, or Madan. *See* docs. 105, 108, 110, 113, 127, 136, and 144.  Service efforts have been continuing for many months and, indeed, are still ongoing as to Defendant Madan.  *See* doc. 136. However, service again been returned unexecuted as to Defendant Jennings, doc. 135, and Defendant Johnson, doc. 144.[4]  No further efforts should be made to locate these Defendants.  Considering the age of this case and the fact that multiple service efforts[5] have been made since April 2014, *see* doc. 54, it is recommended that the claims raised against Defendants Jennings and Johnson be dismissed for failure to serve Defendants with process within 120 days as required by Rule 4(m).

**Defendant Tucker**

Review of this case also indicates that service was never carried out as to Defendant Kenneth Tucker, who remained in this case to the degree he was named in his individual capacity.  Doc. 54.  Plaintiff never requested additional service efforts be carried out on Defendant Tucker and it would appear that Plaintiff has abandoned his claim against Defendant Tucker.  Nevertheless, review of the allegations in Plaintiff's fourth amended complaint against Defendant Rucker reveals no factual allegations were made showing personal involvement by Kenneth Tucker.  The only allegations

---

[4] The return for Defendant Johnson states that this is the "incorrect Jeremy Johnson."  This person "has not been employed in corrections" and only moved to Florida "18 months ago."  Doc. 144.  The return for Defendant Jennings states: "No Arthur Jennings lives at address provided."  Doc. 135.

[5] Numerous efforts have been made by the Marshals to serve Defendants Jennings and Johnson, and numerous court orders have been issued attempting to locate and serve them, including permitting Plaintiff (who was released from prison in June 2014, doc. 68) to use discovery to locate the missing Defendants.  *See* docs. 54, 66, 70, 79, 91, 93, 95, 105, 108, 110, 113, 123, 127, and 136.

made at all against the Secretary were for "adopting and implementing the practice of placing a magnet over his cell window and pinkslip over his door labeling and signifying him as a sexual offender . . . a practice that is not designated or written within the Florida Department of Corrections rules, policies, or procedures."  Doc. 41 at 11.  Such a claim is an official capacity claim, not an individual capacity claim.  Polk v. Nugent, 554 F.App'x 795, 799 (11th Cir. 2014) (citing Cooper v. Dillon, 403 F.3d 1208, 1221 (11th Cir. 2005) (stating that "[w]hen suing local officials in their official capacities under § 1983, the plaintiff has the burden to show that a deprivation of constitutional rights occurred as a result of an official government policy or custom.").  Thus, because the complaint fails to state a claim against Defendant Tucker who remained in this case in his individual capacity only, the claim should be dismissed for failure to state a claim.

**Motions to Dismiss**

Four motions to dismiss are pending in this case.  Defendants Adams, Crews and Neel filed the first Motion to Dismiss on July 7, 2014.  Doc. 74.  Defendants Bass, Ford, Gartman, Goodwin, Howard, and Landrum filed a second motion to dismiss on July 14, 2014.  Doc. 78.  Plaintiff filed a response to those motions.  Doc. 82.  Another motion to dismiss was filed by Defendants Lagos and Woodall on August 28, 2014.  Doc. 97.  Plaintiff first filed an "objection" to that motion to dismiss, doc. 106,[6] and then an amended response in opposition to the motion.  Doc. 116.  Finally, a fourth motion to dismiss was filed by Defendant Reynolds in October 2014.  Doc. 118.  Plaintiff's

---

[6] Plaintiff was given an opportunity to file an amended response, *see* docs. 108 and 110, and because he did so, the initial response, doc. 106, has not been considered.

response in opposition to that motion to dismiss was filed just a week later.  Doc. 120.
All four motions to dismiss are addressed herein.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed.R.Civ.P.
12(b)(6) for failing to state a claim upon which relief can be granted is whether the
plaintiff has alleged enough plausible facts to support the claim stated.  Bell Atlantic
Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the
standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  At the
motion to dismiss state of litigation, the factual allegations of a complaint are accepted
as true, and all reasonable inferences are drawn in Plaintiff's favor.  Franklin v. Curry,
738 F.3d 1246, 1250 (11th Cir. 2013); Key v. Lundy, 563 F. App'x 758, 759 (11th Cir.
2014).  "To survive a motion to dismiss, a complaint must contain sufficient factual
matter, accepted as true, to "state a claim to relief that is plausible on its face."  Ashcroft
v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at
570, 127 S.Ct. 1955).[7]  "A claim has facial plausibility when the plaintiff pleads factual
content that allows the court to draw the reasonable inference that the defendant is
liable for the misconduct alleged."  Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 at
556); see also Speaker v. U.S. Dept. of Health, 623 F.3d 1371, 1380 (11th Cir. 2010).
"The plausibility standard" is not the same as a "probability requirement," and "asks for
more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 129 S.Ct. at

_____

[7] The complaint's allegations must be accepted as true when ruling on a motion
to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), cert.
denied, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's
disbelief of a complaint's factual allegations."  Twombly, 127 S.Ct. at 1965, quoting
Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

1949 (quoting <u>Twombly</u>, 550 at 556).  A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility."  <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests.  <u>Swierkiewicz v. Sorema</u>, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").  Thus, a "plaintiff cannot rely on 'naked assertions devoid of further factual enhancement' " as "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  <u>Franklin</u>, 738 F.3d at 1251 (quoting <u>Iqbal</u>, 129 S.Ct. at 1949-50); see also <u>Randall v. Scott</u>, 610 F.3d 701, 709 (11th Cir. 2010).  Pro se complaints are held to less stringent standards than those drafted by an attorney.  <u>Wright v. Newsome</u>, 795 F.2d 964, 967 (11th Cir. 1986) (citing <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)).  Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ."  <u>Dura Pharmaceuticals, Inc. v. Broudo</u>, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005) (quoted in <u>Twombly</u>, 127 S.Ct. at 1966).  Put another way, "the imposition of litigation costs must be justified at the threshold by the presence of factual allegations making relief under the governing law plausible, not merely speculative."  <u>ABB Turbo Sys. AG v. Turbousa, Inc.</u>, 774 F.3d 979, 984 (Fed. Cir. 2014).

In reviewing a motion to dismiss based on qualified immunity, the court must accept "the facts alleged in the complaint as true, drawing all reasonable inferences in the plaintiff's favor, and limiting [ ] review to the four corners of the complaint." St. George v. Pinellas Cnty., 285 F.3d 1334, 1337 (11th Cir. 2002) (citations omitted), (quoted in Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010)).  The Supreme Court has established a two step analysis for resolving qualified immunity issues. Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001). First, a court should decide whether the facts that a plaintiff has alleged 'show the [defendant's] conduct violated a constitutional right.' "  Saucier, 533 U.S. at 201 (quoted in Randall, 610 F.3d at 715).  "Second, the court must decide 'whether the right was clearly established.' "  Id.; Randall, 610 F.3d at 715.  While Saucier mandated that sequence, the Supreme Court concluded in Pearson v. Callahan, 129 S.Ct. 808, 818 (2009) that the process "should no longer be regarded as mandatory."  Judges "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson, 129 S.Ct. at 818.

**ANALYSIS**

**A.  First Motion to Dismiss**

Defendants Adams, Neel and Secretary Jones filed the first Motion to Dismiss on July 7, 2014.  Doc. 74.  Plaintiff's response to that motion, doc. 82, has been considered.

As it concerns these Defendants, Plaintiff's fourth amended complaint alleges in the statement of facts section that Defendant Tucker had a "practice" that was "adopted

and implemented" which was to place a magnet and pink sheet on Plaintiff's cell door which would indicate to others that Plaintiff was a sexual offender or predator.  Doc. 41 at 6.  Plaintiff alleges in the next paragraph that "[t]here is no policy or rule implemented" which directs the placement of a magnet and pink sheet.  *Id.* Furthermore, in the statement of claims section of the complaint, Plaintiff contends that the Secretary of the Department of Corrections violated his rights "by adopting and implementing the practice of placing a magnet over his cell window and pink slip over his door labeling and signifying him as a sexual offender" when Plaintiff allegedly violated the rule against lewd or lascivious exhibition.  *Id.* at 11.  The only claims raised against Defendants Neel and Adams are that those Defendants denied Plaintiff's grievance appeals.  Doc. 41; *see also* doc. 74 at 4.

Defendants argue that Plaintiff's requests for declaratory and injunctive relief must be dismissed as moot because Plaintiff has been released from prison.  Doc. 74 at 5.  Defendants are correct.  "Absent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."  Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (per curiam) (quoted in Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1987)). It is widely accepted that once a "prisoner has been released, the court lacks the ability to grant injunctive relief and correct the conditions of which the prisoner complaint." Smith v. Allen, 502 F.3d 1255, 1267 (11th Cir. 2007) (abrogated on other grounds by Sossamon v. Texas, 131 S.Ct. 1651 (2011) (holding that private action provision of the Religious Land Use and Institutionalized Persons Act (RLUIPA) did not clearly and unequivocally waive state's sovereign immunity from suit for money damages by

prisoner)).  Release from prison does not, however, moot a request for monetary

damages.  McKinnon v. Talladega County, Ala., 745 F.2d 1360 (11th Cir. 1984)(holding

that an inmate's transfer mooted his claim for declaratory and injunctive relief, it did not

moot the claim for monetary damages).  Thus, Plaintiff's release from prison renders his

equitable claims moot.  His request for a declaratory judgment and a preliminary and

permanent injunction to "forever prevent the practice of placing a magnet or pink sheet

or any object of that effect to label a[n] inmate as a sexual offender," doc. 41 at 13-14,

should be dismissed as moot.

Defendants also correctly contend that any surviving claim against the

Defendants in their official capacities is barred by the Eleventh Amendment.  *See* Carr

v. City of Florence, Ala., 916 F.2d 1521, 1524 (11th Cir. 1990); *see also* Kentucky v.

Graham, 473 U.S. 159, 169, 105 S.Ct. 3099, 3107, 87 L.Ed.2d 114 (1985) (reiterating

that "absent waiver by the State or valid congressional override, the Eleventh

Amendment bars a damages action against a State in federal court.").  Neither the State

of Florida nor Congress has waived Eleventh Amendment immunity for officials sued in

their official capacity.  Gamble v. Florida Dep't of Health and Rehab. Servs., 779 F.2d

1509, 1520 (11th Cir. 1986); Quern v. Jordan, 440 U.S. 332, 340-45, 99 S.Ct. 1139,

1144-45, 59 L. Ed. 2d 358 (1979) (cited in Zatler, 802 F.2d at 400.  Plaintiff may only

sue Defendants in their individual capacities for monetary damages.  Thus, because no

relief is available to Plaintiff on his claim against Secretary Jones, the motion to dismiss

that Defendant should be granted.

As for Plaintiff's claims against Defendants Neel and Adams, these claims are

based on the fact that they denied relief to Plaintiff on his grievance appeals.  Thus, the

basis for this claim is that Defendants Neel and Adams are liable because they did not
correct or reverse the actions of other prison staff, not because Defendants Neel or
Adams were personally involved in the events at issue.[8]  Plaintiff claims Defendants
Neel or Adams failed "to correct the injustice suffered" by Plaintiff due to the actions of
other Defendants.  Doc. 41 at 7.  "Isolated incidents are generally insufficient to
establish a supervisor's liability, and filing a grievance with a supervisory person[9] does
not alone make the supervisor liable for the allegedly violative conduct brought to light
by the grievance, even if the grievance is denied."  Owens v. Leavins, 5:05cv228, 2006
WL 2640275, at *4 (N.D. Fla. Sept. 13, 2006); Holmes v. Correction Corp. of America,
2011 WL 3490086, at *1 (S.D. Ga. Aug. 9, 2011); Tariq v. Chatman, 2012 WL 3626827,
at *1 (M.D. Ga. Aug. 22, 2012).  For supervisory liability to exist under § 1983, a plaintiff
must allege either personal participation by the supervisor or "a causal connection
existed between the actions of the supervising officials and the alleged constitutional
deprivation."  Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (describing
instances when a supervisor can be held liable under § 1983).  Plaintiff provides no
facts which show any personal involvement by Defendants Neel or Adams, and there is

---

[8] Plaintiff reiterates that position in his response to the motion to dismiss:
"Defendants were made aware of the deprivations of the Plaintiff's constitutional rights
through the disciplinary report process, close management review process, and
grievance appeal process and they all failed to perform their ministerial duty and correct
the violations pointed out by the Plaintiff therein."  Doc. 82 at 2.

[9] "It is well established in this circuit that supervisory officials are not liable under
§ 1983 for the unconstitutional acts of their subordinates 'on the basis of respondeat
superior or vicarious liability.' "  Belcher v. City of Foley, 30 F.3d 1390, 1396 (11th Cir.
1994), quoted in Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999).

no causal connection[10] alleged between those Defendants and the actions of the other Defendants.  The complaint must be dismissed as to Defendants Neel and Adams because they cannot be held liable under a theory of *respondeat superior*.  The first motion to dismiss, doc. 74, should be granted.

## B.  Second Motion to Dismiss

Defendants Bass, Ford, Gartman, Goodwin, Howard, and Landrum filed a second motion to dismiss on July 14, 2014.  Doc. 78.  Plaintiff filed a response to the motion.  Doc. 82.

As noted above, Plaintiff's requests for injunctive and declaratory relief are moot and claims for monetary damages against these Defendants in their official capacities are barred by the Eleventh Amendment.  To the degree Plaintiff seeks monetary damages against Defendants in their individual capacities, Defendants contend that Plaintiff is not entitled to monetary relief because his injuries are mental or emotional only, and there is no showing of physical injury as required by 42 U.S.C. § 1997e(e). Doc. 78 at 9-10.  Specifically, Defendants note that Plaintiff's right pinky finger was broken as a result of a fight with another inmate while he was in confinement.  *Id.* at 10. Defendants contend that "Plaintiff has not demonstrated how this injury is connected to anyone else except potentially Dr. Madan (who remains unserved) and Ms. Gartman" and argue that "Plaintiff should not be permitted to piggyback this claim into this lawsuit. . . ."  *Id.*  Put another way, Defendants seek dismissal of Plaintiff's request for

---

[10] A causal connection may be shown if a plaintiff alleges a history of widespread abuse which gave the supervisor notice of the need for improved training or supervision, but the official failed to take corrective action.  Fundiller v. City of Cooper City, 777 F.2d 1436, 1443 (11th Cir. 1985).

compensatory and punitive damages because it is unrelated to actions or omissions of these Defendants.  *Id.* at 10-11.

Title 42 U.S.C. § 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  Plaintiff was incarcerated at the time of the events in question and the statute remains applicable even though Plaintiff is no longer incarcerated.  Harris v. Garner, 216 F.3d 970 (11th Cir. 2000)[11], *reinstating in part* 190 F.3d 1279 (11th Cir. 1999) (holding that § 1997e(e) "applies with full force and effect to" plaintiffs who were in prison when a case was filed, but were released from confinement during the pendency of the litigation).

Plaintiff alleged physical injury in this case because his finger was broken during the fight with another inmate.  Doc. 41 at 10.  That injury is only causally connected to Plaintiff's claim against Defendants Madan and Gartman for failing to provide medical care.  To the degree Plaintiff's Eighth Amendment claims survive, and should Plaintiff be successful on those claims against Defendants Madan and Gartman, the motion to dismiss Plaintiff's request for compensatory and punitive damages should be denied.

There are, however, no allegations which provide a causal connection between Plaintiff's physical injury and the alleged actions of Defendants Bass, Ford, Goodwin, Howard, and Landrum.  Plaintiff argues that had he "not been unconstitutionally confined he would never have been injured and he would have received proper

---

[11]  Harris v. Garner, 190 F.3d 1279 (11th Cir. 1999) was vacated by 197 F.3d 1059, and the Opinion Reinstated in Part on Rehearing by 216 F.3d 970 (11th Cir. 2000), *cert. denied*, 121 S. Ct. 2214 (2001).  The parts of the panel opinion relevant to this legal issue were reinstated.

treatment . . . ."  Doc. 82 at 4-5.  That argument is rejected.  Plaintiff was confined with

another prisoner in disciplinary confinement, but Plaintiff could have also been confined

with that same prisoner outside disciplinary confinement.  It was not Plaintiff's

placement in confinement that caused his injury, it was a fight between Plaintiff and the

inmate.  There are no facts showing Defendants are responsible for that altercation.

There are also no facts showing any connection between any Defendants other than

Madan and Gartman and Plaintiff's physical injury.  Accordingly, Plaintiff's request for

damages must necessarily be limited to nominal damages as required by 42 U.S.C. §

1997e(e).  Harris, 216 F.3d 970; Osterback v. Ingram, et al., No. 00-10558, 263 F.3d

169 (11th Cir. 2001) (Table); Al-Amin v. Smith, 637 F.3d 1192, 1199 (11th Cir. 2011)

(holding that the statute also precludes an award "of punitive damages in the absence

of physical injury.").[12]

     Defendants further contend that Plaintiff's Eighth Amendment claim concerning

his medical needs is misjoined in this case.  Doc. 78 at 7-8.  Defendants argue that

Plaintiff should be required to bring that claim in a separate lawsuit.  *Id.*  Alternatively,

Defendant Gartman seeks dismissal of this claim because it is insufficient.  *Id.* at 8.

     Rule 18 permits a plaintiff to "join, as independent or alternative claims, as many

claims as it has against an opposing party."  FED. R. CIV. P. 18(a).  Plaintiff alleged that

Defendant Gartman falsified a document to cover up the fact that he was not released

---

     [12] Notwithstanding the requirements of § 1997e(e), a defendant is still only liable
to a plaintiff when his or her action or omission is causally connected to the harm
suffered by a plaintiff.  Zatler, 802 F.2d at 401 (cited in May v. Culliver, No. CIV.A.
10-0121-CG-C, 2011 WL 7417082, at *5 (S.D. Ala. July 21, 2011) (explaining that "the
plaintiff must establish a causal connection between defendant Culliver's acts or
omissions and an alleged deprivation of his constitutional rights in order to state a claim
under 42 U.S.C. § 1983.").

from confinement when his sentence expired, doc. 41 at 8, that Gartman upheld the recommendation for a close management upgrade even though Plaintiff believes he was treated differently than another inmate, *id.* at 9, and that Gartman denied his grievance when he was seeking medical care for the injury received while he was in confinement, *id.* at 10.  Judicial economy is better served by permitting Plaintiff to join these claims which are, arguably, still related.  The motion to dismiss the Eighth Amendment claim against Defendant Gartman because of misjoinder should be denied.

Notwithstanding, two of the claims raised against Defendant Gartman were for denying Plaintiff's grievance concerning (1) upgrade to close management and (2) denying a grievance in which Plaintiff was seeking medical care.   Doc. 41 at 9-10. Plaintiff's allegations suggest that "[t]reatment was neglectfully delayed," he was not given an x-ray for 19 days after his injury, and never seen or examined by Defendant Madan.  *Id.* at 10.  It is true that a defendant may not be held liable for the actions or omissions of other persons.  It is also true that many claims raised against prison officials who denied grievances are dismissed because a plaintiff's claim is that the defendant did not overturn or reverse the actions of another person.  However, grievances concerning medical issues are unique.  A delay in medical treatment may, in some circumstances, constitute deliberate indifference to a prisoner's serious medical needs.  Thomas v. Poveda, 518 F. App'x 614, 620 (11th Cir.), *cert. denied*, 134 S. Ct. 529 (2013) (citing Harris v. Coweta Cnty., 21 F.3d 388, 393-94 (11th Cir. 1994).  If a grievance provides a defendant with sufficient information for that official "to have subjective knowledge of [the prisoner's] serious medical need" and that defendant fails to act on the prisoner's behalf, then the official may properly be held to answer for his or

own omission.  <u>Goebert v. Lee Cnty.</u>, 510 F.3d 1312, 1328 (11th Cir. 2007) (noting that an official charged with responding to a complaint "had a duty to look into the matter" and finding that defendant was deliberately indifferent to plaintiff's medical condition and needs).  At this stage of the litigation, Plaintiff's Eighth Amendment claim against Defendant Gartman should not be dismissed.

Defendant Gartman does not address the merits of Plaintiff's Fourteenth Amendment due process claims concerning his close management upgrade and exceeding his sentence in disciplinary confinement.  *See* doc. 41 at 12-13; doc. 78.  The claims raised against this Defendant should not be dismissed.

Defendants Gartman, Landrum, Goodwin, Ford, Bass, and Howard seek dismissal of all claims concerning the alleged rule violations in process the two disciplinary reports.  Doc. 78 at 6-7.  Defendants contend these claims should be dismissed as they are barred by res judicata.[13]  Defendants state that Plaintiff challenged both of the disciplinary reports in mandamus petitions in case no. 2011-CA-1802 and case no. 2011-CA-1184 filed in the Second Judicial Circuit in and for Leon County, Florida.  Both petitions were dismissed and his petitions for writ of certiorari were denied.  Doc. 74 at 6-7.

"In the Eleventh Circuit, a party seeking to invoke the doctrine [of res judicata] must establish its propriety by satisfying four initial elements: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their

---

[13] Defendants adopt the res judicata arguments presented in the first motion to dismiss, doc. 74 at 6-7.

privies; and (4) both cases must involve the same causes of action." In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001) (quoted in Mann v. Palmer, 713 F.3d 1306, 1311 (11th Cir.), *cert. denied*, 133 S. Ct. 1752 (2013), and *cert. denied sub nom.,* Mann v. Crews, 133 S. Ct. 1752 (2013)).  Defendants assert that a final judgment was entered in both cases, and it is accepted that the decision was rendered by a court with jurisdiction over the matter.  It seems clear that the same cause of action was involved, notwithstanding that the state court cases were mandamus petitions and this is a civil rights case because it is now well established "that if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata.' " In re Piper, 244 F.3d at 1297 (quoted in Mann, 713 F.3d at 1311). However, no information has been provided as to whether the same parties were involved in both cases.  It is unknown who Plaintiff named in the state court mandamus petitions.  Thus, Defendants have not fully supported this argument in the motion to dismiss and it should be denied.

Defendants Gartman, Landrum, Goodwin, Ford, Bass and Howard do not address the merits of the claims raised against them.  The motion to dismiss, doc. 78, concludes with a request to dismiss the complaint for failure to state a claim upon which relief can be granted, but no argument is made as to the sufficiency of Plaintiff's claims raised against them in their individual capacities for nominal damages.  Thus, the motion to dismiss, doc. 78, should be denied as to: (1) the Eighth and Fourteenth Amendment claims against Defendant Ford, doc. 41 at 11; (2) the Eighth and Fourteenth Amendment claims against Defendant Landrum, doc. 41 at 11-12; (3) the

due process claims against Defendants Bass and Howard, doc. 41 at 12; (4) the due

process claim against Defendant Goodwin; and (5) the due process and Eighth

Amendment claims against Defendant Gartman, doc. 41 at 12-13.

## C. Third Motion to Dismiss

The third motion to dismiss was filed by Defendants Lagos and Woodall.  Doc.

97.  Plaintiff opposes the motion.  Doc. 106.

Plaintiff's claim against Defendant Lagos is that this Defendant knowingly kept

Plaintiff in disciplinary confinement for one day longer than the sentence imposed and

then falsified documents to conceal that violation.  Doc. 41 at 12.  Plaintiff's claim

against Defendant Woodall is that he denied Plaintiff's grievance appeal concerning his

disciplinary report.  Doc. 41 at 7-8, 12.  Additionally, Defendant Woodall, along with

Defendant Gartman, upgraded his close management status.  *Id.* at 9.

As noted above, Plaintiff's request for relief on these claims must be limited to

nominal damages only, brought against Defendants Lagos and Woodall in their

individual capacities only, pursuant to 42 U.S.C. § 1997e(e).  Claims brought against

them in their official capacities are barred by the Eleventh Amendment and the requests

for declaratory and injunctive relief are moot.  The motion to dismiss, doc. 97, should be

granted in that regard.

To the degree Defendants Lagos and Woodall seek dismissal of Plaintiff's claims

on the basis of res judicata, doc. 97 at 5-6, the argument is insufficient to demonstrate

the same parties were involved.  The motion to dismiss is denied as to that argument.

The motion concludes that this Court should "dismiss Plaintiff's Fourth

Amendment Complaint for failure to state a claim upon which relief can be granted."

Doc. 97 at 8.  However, because that request is not supported with any argument as to merits of Plaintiff's claims against them, the motion should be denied.

## D.  Fourth Motion to Dismiss

Defendant Martha Reynolds filed the fourth motion to dismiss, doc. 118, and Plaintiff filed a response, doc. 120.  Plaintiff's complaint alleged that Defendant Reynolds was a member of the disciplinary team that found Plaintiff guilty of the disciplinary charge for lewd and lascivious exhibition.  *Id.* at 4; doc. 41 at 7.  Plaintiff claimed that he should not have been found guilty in the hearing because the team was "made fully aware of the numerous policy violations" in processing that disciplinary report.  Doc. 41 at 7.

As was the case with the other Defendants, Plaintiff's request for relief must be limited to nominal damages only, and against Defendant Reynolds in her individual capacity only, pursuant to 42 U.S.C. § 1997e(e).  The claim brought against her in her official capacity is barred by the Eleventh Amendment and Plaintiff's request for declaratory and injunctive relief is moot.  The motion to dismiss, doc. 118, should be granted in that regard.

Defendant Reynolds' request for dismissal of Plaintiff's claims on the basis of res judicata, doc. 118 at 6, should be denied. The argument is insufficient to demonstrate the same parties were involved in the prior state court litigation.  The motion to dismiss is denied as to that argument.  Furthermore, because Defendant Reynolds does not address the merits of the due process claim brought against her, the motion to dismiss, doc. 118, should be denied.

## Conclusion

In light of the recommendation made herein and the remand from the Eleventh Circuit Court of Appeals, *see* doc. 36, Defendants remaining in this case should be required to file an Answer to Plaintiff's fourth amended complaint.  Plaintiff has presented plausible claims for a violation of his due process rights under the Fourteenth Amendment, his right to medical care under the Eighth Amendment, and a discrimination claim under the Fourteenth Amendment.

**RECOMMENDATION**

It is respectfully recommended that:

(1) the claims raised against Defendants Jennings and Johnson be **DISMISSED** for failure to serve Defendants with process within 120 days as required by Rule 4(m);

(2) the claims against Defendant Tucker be **DISMISSED** for failure to state a claim and failure to serve process;

(3) the first motion to dismiss, doc. 74, be **GRANTED** and Plaintiff's claim against the Secretary of the Department of Corrections Michael Crews, hereby substituted as Julie Jones, be **DISMISSED** because the requests for injunctive and declaratory relief are moot and Defendant has Eleventh Amendment immunity, and the claims against Defendants Adams and Neel be **DISMISSED** because respondeat superior is not a basis for liability;

(4) the second motion to dismiss, doc. 78, filed by Defendants Bass, Ford, Gartman, Goodwin, Howard, and Landrum be **GRANTED** as to dismissal of the official capacity claims, requests for declaratory and injunctive relief, and requests for monetary damages as to Defendants Bass, Ford, Goodwin, Howard, and Landrum, but otherwise **DENIED**;

(5) the third motion to dismiss, doc. 97, filed by Defendants Lagos and Woodall be **GRANTED** as to dismissal of the official capacity claims, requests for declaratory and injunctive relief, and requests for monetary damages, but otherwise **DENIED**;

(6) the fourth motion to dismiss, doc. 118, filed by Defendant Reynolds should be **GRANTED** as to dismissal of the official capacity claims, requests for declaratory and injunctive relief, and requests for monetary damages, but otherwise **DENIED**;

(7) this case be **REMANDED** for further proceedings, with all remaining claims proceeding against Defendants in their individual capacities only, limited to nominal damages only with the exception of Plaintiff's claims against Defendants Gartman and Madan which may request compensatory and punitive damages.

**IN CHAMBERS** at Tallahassee, Florida, on February 17, 2015.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**



## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**