IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN C. SPAULDING,

    Plaintiff,

vs.                                  Case No. 4:11cv605-MP/CAS

S. BASS, Z.Z. FORD, H.E. GARTMAN,
B. GOODWIN, BRAD HOWARD,
OFF. LANDRUM, C. LAGOS,
RONNIE WOODALL,
MARTHA REYNOLDS, and DR. MADAN,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    This case has been proceeding for nearly three and a half years. It was filed by Plaintiff on November 28, 2011. Doc. 1. In March of 2012, it was dismissed for failing to state a claim, docs. 21-22, but the Eleventh Circuit Court of Appeal reversed and remanded this case in early 2014. Docs. 37, 39. Plaintiff was released from incarceration in June 2014. Doc. 68.

    Plaintiff has now filed another motion for leave to file a fifth amended complaint. Doc. 162. Plaintiff explains that since he has been released from prison, he would like to amend his complaint to seek punitive damages for emotional and psychological distress. _Id._ Plaintiff contends he is entitled to do so pursuant to Harris v. Garner, 216 F.3d 970 (11th Cir. 2000). _Id._

The basis of Plaintiff's motion is incorrect and the decision from Harris v. Garner does the opposite of what Plaintiff asserts, as he should be well aware. *See* doc. 84. In Harris, the Eleventh Circuit was called upon "to decide whether [42 U.S.C. § 1997e(e)] applies to lawsuits that are filed while the plaintiff is a confined prisoner but which are not decided until after he is released[1] from confinement." Harris, 216 F.3d at 972. Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Id.* (quoting 42 U.S.C. § 1997e(e)). The Court concluded that the phrase "may be brought" concerned case initiation, and was not a continuing consideration. 216 F.3d at 976-78 (remarking that "[c]onfined prisoners have little to lose by filing frivolous lawsuits, and that is why Congress made the confinement status of the plaintiff at the time a lawsuit is filed the controlling factor."). After noting the history and reasoning which led to enactment of § 1997e(e), the Court explained:

> In considering why Congress chose to peg the application of section 1997e(e) on confinement status at the time of filing, it is worth mentioning that confinement status can change several times during the course of the months or years it takes the overburdened district courts to enter judgment in a case. Consider this hypothetical and how episodic the application of section 1997e(e) would be if post-filing confinement status were the criterion: A plaintiff is confined when he files the lawsuit (the section applies); shortly thereafter he is released on parole (the section no longer applies); later he is picked up and jailed on a parole violation charge (the section applies again); he bails out after a few days (the section no longer applies); but after a hearing his parole is revoked, and he is returned to prison (the section applies again). (footnote omitted). No one has yet explained to us why Congress would have wanted the application of an

---

[1] In Harris, eleven inmates filed a lawsuit while incarcerated, but by the time judgement was entered over a year later, six plaintiffs were released. 216 F.3d at 972.

Case No. 4:11cv605-MP/CAS

important provision, such as section 1997e(e), to be such an on-again, off-again thing.

Harris, 216 F.3d at 978-79.  The Court held that a former prisoner may refile a claim if and when he is released and seek monetary damages for mental and emotional injury suffered while in confinement.  *Id.* at 980.  However, the Court explained that amendment to a complaint is not appropriate because it cannot "change a historical fact," the fact that the plaintiffs were confined prisoners at the time the lawsuit was filed.  *Id.* at 981.  A change in a prisoner's "status after the lawsuit [is] filed is irrelevant under section 1997e(e)."  *Id.*

Accordingly, the motion requesting leave to file a fifth amended complaint, doc. 162, should be denied.[2]  Plaintiff was incarcerated at the time this case was filed and his subsequent release from prison does not alter the application of § 1997e(e) to this case.  Plaintiff's fourth amended complaint, doc. 41, should remain the operative pleading.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for leave to file a fifth amended complaint, doc. 162, be **DENIED** and this case be remanded for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 4, 2015.

    S/  Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

---

[2] This is the second time Plaintiff requested leave to file a fifth amended complaint and much of the basis for the request is the same.  *See* docs. 81, 84, and 102.  This successive motion should be similarly denied.  Docs. 84, 102.

Case No. 4:11cv605-MP/CAS

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**