IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


JOHN C. SPAULDING,

    Plaintiff,

vs.                                        Case No. 4:11cv605-MP/CAS

LIEUTENANT BASS, Z.Z. FORD,
OFFICER LANDRUM, H.E. GARTMAN,
B. GOODWIN, BRAD HOWARD,
H TUCKER, C. LAGOS,
RONNIE WOODALL,
and MARTHA REYNOLDS,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    This case proceeds on the surviving claims from the pro se Plaintiff's fourth amended complaint, doc. 41, after several claims and Defendants[1] have been dismissed. Doc. 166. Defendants have filed an Answer on May 19, 2015. Doc. 168. Discovery is now appropriate and a separate Order is entered this day to guide discovery between the parties.

---

[1] Dismissed were Plaintiff's claims against Defendants Jennings, Johnson, Tucker, Jones (substituted for former Secretary Crews), Adams, and Neel. Doc. 166. All claims proceed against the remaining Defendants are in their individual capacities only. *Id.*

In addition, Plaintiff has filed a motion for documents. Doc. 169. Plaintiff states that he is requesting the Court furnish him with document 109 which Plaintiff submitted earlier in this case. Doc. 169. Plaintiff does not state why he needs that document, nor does he explain why he no longer has a copy of a document he previously filed. Nevertheless, the document referenced by Plaintiff is a motion to submit evidence pertaining to Dr. Madan. Doc. 109. The document consists of a two page report of an examination of Plaintiff's right hand on Sept 4, 2014, doc. 109 at 3-4, a printout from arthritis.com, *id.* at 5-6, a printout from MedlinePlus, a website associated with the National Institute of Health, *id.* at 7-12, and numerous miscellaneous documents pertaining to Dr. Elio Madan. *Id.* at 12-41.

Despite a multitude of service efforts, *see* docs. 66, 70, 93, 105, 108, 110, 127, and 136, service of process has never been carried out as to Dr. Madan. The whereabouts of that Defendant are still unknown, doc. 149, after nearly a year of searching for him. Furthermore, the predominant claims in this case concerning the placement of a magnet and pink sheet on Plaintiff's door, being given a "special management meal (loaf)," the issuance of a disciplinary report, a violation of due process in the disciplinary hearing, delayed release from disciplinary confinement, and having his close management status upgraded. Doc. 41. The only factual allegations presented which even pertain to Defendant Madan were that Plaintiff was in a fight with another inmate and broke "the metacarpal bone in his right pinky finger." Doc. 41 at 10. Plaintiff alleged that treatment "was neglectfully delayed by corrections," and he was "never seen or examined by Dr. Madan . . . ." Doc. 10.

A claim concerning medical care is ancillary to Plaintiff's primary claims in this case.  It was previously argued that the medical care claims should not have been combined with the other claims as the instructions on the complaint form require a complaint to be limited to one issue or incident.  See docs. 78, 148.  Judicial economy is served when related claims can proceed together.  However, the claim against Dr. Madan cannot proceed together with the other claims because this Defendant has not been located.  In this respect, judicial economy is not served by keeping the claim against Dr. Madan in this case.  There is no reason to continue a claim against a Defendant who cannot be found.  The claim against Dr. Madan should be dismissed because his whereabouts are unknown and service has not been carried out.

In addition, Plaintiff's claim is insufficient to demonstrate that Dr. Madan was deliberately indifferent to Plaintiff's medical needs.  Deliberate indifference to the serious medical needs of sentenced prisoners violates the Eighth Amendment's prohibition of cruel and unusual punishment.  Estelle v. Gamble, 97 S. Ct. 285 (1976).  The concept of deliberate indifference entails something more than negligence, but is satisfied by something less than actions undertaken with an intent to cause harm.  Farmer v. Brennan, 114 S. Ct. 1970, 1978 (1994).  Deliberate indifference has been described as a culpable state of mind of the defendant to unnecessarily and wantonly inflict pain or harm to a prisoner by depriving him of a basic human need.  Wilson v. Seiter, 111 S. Ct. 2321 (1991).  Combining the standards from Farmer and Estelle, the Eleventh Circuit has clarified that there are four requirements necessary to state an Eighth Amendment claim for the denial of medical care: "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and

an actual inference of required action from those facts." Taylor v. Adams, 221 F.3d 1254 (11th Cir. 2000), *cert. denied*, 531 U.S. 1077 (2001); Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).  Put another way, once a prisoner shows that he has a serious medical need, "the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004) (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999)).

    Here, no facts were alleged which show that Dr. Madan had any subjective knowledge of Plaintiff's medical needs.  There are no facts which reveal that Dr. Madan was informed of Plaintiff's injury yet disregarded a request for medical care.  Plaintiff alleged that treatment "was neglectfully delayed," but there are no factual allegations linking Dr. Madan to the delay.[2]  The fact that Plaintiff did not see Dr. Madan does not support deliberate indifference absent additional allegations that medical staff alerted Dr. Madan to Plaintiff's injury such that subjective knowledge of Plaintiff's needs could be shown.  Because this claim is insufficient as alleged, it should be dismissed.

    Accordingly, in light of these facts, Plaintiff's motion for documents, doc. 169, should be denied because they are not relevant to the surviving claims which proceed in this case and the claim against Dr. Madan should be dismissed because it is insufficient as alleged and because service has not been carried out on Dr. Madan.

---

    [2] Review of the motion to dismiss filed by Defendant Gartman indicated that Plaintiff's claim for delay is directed at Defendant Gartman and not Dr. Madan because Defendant Gartman denied a grievance concerning Plaintiff's medical care.  It has not been argued or alleged that Dr. Madan had knowledge of Plaintiff's injury or a need for medical treatment.

Case No. 4:11cv605-MP/CAS

**RECOMMENDATION**

It is respectfully recommended that Plaintiff's motion for documents, doc. 169, be **DENIED**, and the Eighth Amendment claim raised against Defendant Madan be **DISMISSED** for failure to serve the Defendant with process within 120 days as required by Rule 4(m). It is also recommended that this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 21, 2015.


  S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**