**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JOHN C. SPAULDING,**

      **Plaintiff,**

**vs.**                      **Case No. 4:11cv605-MP/CAS**

**S. BASS, Z.Z. FORD, H.E. GARTMAN,
B. GOODWIN, BRAD HOWARD,
OFF. LANDRUM, C. LAGOS,
RONNIE WOODALL,
MARTHA REYNOLDS, and DR. MADAN,**

      **Defendants.**

_____/

**AMENDED REPORT AND RECOMMENDATION**[1]

On June 5, 2015, an Order was entered by Senior District Judge Maurice Paul.

Doc. 178. That Order considered an earlier Report and Recommendation, doc. 163,

which recommended denying Plaintiff's motion requesting leave to file a fifth amended

complaint, doc. 162. Judge Paul found that the Report and Recommendation

"sufficiently disposed of Plaintiff's arguments for 'emotional and psychological distress'

based on *Harris v. Garner*, 216 F.3d 970 (11th Cir. 2000)." Doc. 178 at 1. However,

Plaintiff stated in his objections that he was "also seeking leave to add a claim against

Defendant Woodall for 'denial of [Plaintiff's] serious medical needs.' " *Id.* (citing doc.

_____

[1] This Amended Report and Recommendation is entered to replace the Report and Recommendation, doc. 177, entered on June 5, 2015.

162).  Plaintiff then filed a motion seeking leave to file a sixth amended complaint, doc. 174, which, in addition, sought to file a similar claim against Defendant Neel as well. Judge Paul directed that upon remand of this case, the Magistrate Judge should address Plaintiff's request to add those additional claims against the Defendants.  Doc. 178 at 2.

Simultaneously with entry of the Order by Judge Paul, doc. 178, another Report and Recommendation, doc. 177, was entered on Plaintiff's motion, doc. 174.  This Amended Report and Recommendation is entered pursuant to that Order.  The recommendation to deny the motion remains the same.

This case has been proceeding for nearly three and a half years as Plaintiff initiated this prisoner civil rights case on November 28, 2011.  Doc. 1.  In March of 2012, it was dismissed for failing to state a claim, docs. 21-22, but the Eleventh Circuit Court of Appeal reversed and remanded this case in early 2014.  Docs. 37, 39.  Plaintiff was released from incarceration in June 2014.  Doc. 68.

Plaintiff filed a motion for leave to file a fifth amended complaint, doc. 81, which was denied.  Docs. 84, 102.  He filed another motion for leave to file a fifth amended complaint, doc. 162, on April 24, 2015, again desiring to amend his complaint because he was no longer in prison and stated his belief that he could add a request for punitive damages for emotional and psychological distress pursuant to Harris v. Garner, 216 F.3d 970 (11th Cir. 2000).  Id.  As noted above, that motion has also been denied, docs. 163 and 178, because the law is clear that Harris v. Garner prohibits the addition of his punitive damages request.

Plaintiff has now filed another request for leave to amend, this time seeking to file a sixth amended complaint.  Doc. 174.  Plaintiff wants to add Eighth Amendment claims against Defendants Woodall and Adams concerning his medical needs.  *Id.*  The proposed sixth amended complaint, doc. 174-1, was attachment to the motion, doc. 174, and it has been reviewed as required by 28 U.S.C. § 1915A.

On the first page of the complaint form, Plaintiff indicates all Defendants are sued "individually and in their official capacity."  Doc. 174-1 at 1.  On page three, Plaintiff states that all Defendants are sued in their individual capacity, and only Defendants Adams, Woodall, and Madan[2] are to be sued in their official capacity.  *Id.* at 3.  That is inconsistent.  Moreover, Defendant Adams has already been dismissed from this case because the only claims presented against that Defendant failed to state a claim upon which relief may be granted.  Doc. 166 at 3-4; *see also* doc. 148 at 10-13.[3]

Furthermore, the proposed complaint includes facts relevant to other Defendants and claims which have been dismissed.  Plaintiff has, for the most part, retained the factual allegations of his prior complaint, and simply added some additional statements here and there.  Considering that the claims against Defendants Neel, Adams, Crews, Jones, Jennings, Johnson and Tucker have been dismissed, doc. 166, it does not move this case forward to allow Plaintiff to file an amended complaint retaining allegations against dismissed persons.  That will delay this proceeding and cause confusion.

---

[2] Additionally, a Report and Recommendation is currently pending to dismiss Plaintiff's claim against Defendant Madan because that Defendant has neither been located or served with process.

[3] The claims against Defendants Neel and Adams were that those Defendants denied Plaintiff's grievance appeals.  Doc. 148 at 10 (citing doc. 41 and doc. 74 at 4).

One of Plaintiff's stated reasons for filing the sixth amended complaint was to add "claims of denial of his serious medical needs" by Defendants Woodall and Adams. Doc. 174.  In Plaintiff's proposed sixth amended complaint, he makes the following assertion in the "statement of claims" section of the complaint:

> Defendants Ronnie Woodall and J. Adams are in violation of being made fully aware of the numerous policy violations and constitutional violations during the appeal process after learning the Plaintiff had injured his right hand, and taking an active part by failing to correct the injustices suffered upon the Plaintiff as well as learning of the injury by e-mail and failing to afford him medical treatment, thus violating his Eighth and Fourteenth Amendment rights under the U.S. Constitution subjecting him to cruel and unusual punishment.

Doc. 174-1 at 13.  That claim is conclusory and unsupported because Plaintiff did not present any *facts* in the "statement of facts" section of the complaint form to support that claim.  After Plaintiff was injured in the fight with another inmate on May 1, 2011, Plaintiff alleged treatment was delayed and he was not examined by Dr. Madan for 19 days.  Doc. 174-1 at 10.  Plaintiff submitted a grievance concerning that issue which was denied by Jammie Kuhn.  *Id.*  Plaintiff alleges he wrote another grievance "trying to receive medical treatment, which was denied by Dr. Madan and H.E. Gartman."  *Id.* The only factual allegation as to Defendant Woodall is that he responded to an email from Plaintiff's ex-wife on May 20, 2011, advising when Plaintiff's x-rays were taken and that the "results were negative."  *Id.* at 10, 17.  As to Defendant Adams, Plaintiff alleged only that he submitted a grievance to Central Office on July 1, 2011, that was not received there until July 15, 2011, and it was "returned without action" on July 19, 2011, by Defendant Adams.  Those factual allegations do not demonstrate that these two Defendants had any involvement in providing medical care to Plaintiff, nor were they responsible for any delay in treatment.

Plaintiff's claims against Defendants Woodall and Adams concerning Plaintiff's medical care are based on the assertion that they did not provide relief to Plaintiff through grievance procedures and in an email.  Responding to a grievance appeal and an email from a family member is not a sufficient basis to state a claim against those persons as it amounts only to a supervisory official claim.  "Isolated incidents are generally insufficient to establish a supervisor's liability, and filing a grievance with a supervisory person[4] does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied."  Owens v. Leavins, 5:05cv228, 2006 WL 2640275, at *4 (N.D. Fla. Sept. 13, 2006); Holmes v. Correction Corp. of America, 2011 WL 3490086, at *1 (S.D. Ga. Aug. 9, 2011); Tariq v. Chatman, 2012 WL 3626827, at *1 (M.D. Ga. Aug. 22, 2012).  For supervisory liability to exist under § 1983, a plaintiff must allege either personal participation by the supervisor or "a causal connection existed between the actions of the supervising officials and the alleged constitutional deprivation."  Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (describing instances when a supervisor can be held liable under § 1983). Plaintiff provides no facts which show either personal involvement by Defendants Woodall or Adams.  Plaintiff's allegations also do not show a causal connection between their actions and Plaintiff's Eighth Amendment claim.  Both Defendants were contacted *after* the events in question, and *after* the period of delay.  Neither Defendant is alleged to be a medical provider who *could* have provided medical care to Plaintiff for his broken

---

[4] "It is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates 'on the basis of respondeat superior or vicarious liability.' "  Belcher v. City of Foley, 30 F.3d 1390, 1396 (11th Cir. 1994) (quoted in Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)).

finger.[5]  Because the proposed amended complaint fails to state an Eighth Amendment claim against Defendants Woodall and Adams, the motion for leave to amend should be denied.

Rule 15(a) provides that amendment after a responsive pleading has been served, absent written consent of the adverse party, requires leave of court, but "leave shall be freely given when justice so requires."  FED. R. CIV. P. 15(a).  While Rule 15(a) generally "restricts the district court's freedom," the Eleventh Circuit has held:

> This policy of rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial.

Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989).  If "underlying facts or circumstances" provide a proper and viable basis for relief, then leave to amend "should be freely given."  Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).  Futility of amendment is sufficient cause under Rule 15 to deny permission to amend.  Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-1263 (11th Cir. 2004).  When an amended complaint fails to state a viable claim, it is not an abuse of discretion to deny a motion to amend.  Smith v. Sec'y for Dep't of Corr., 252 F. App'x 301 (11th Cir. 2007).

If Plaintiff were submitting an amended complaint for the purpose of more clearly focusing his allegations, claims, and identifying the remaining Defendants after claims and Defendants have been dismissed, a motion requesting leave to amend would be

---

[5] Plaintiff alleged he had a broken bone in the third finger of his right hand.  Doc. 174-1 at 10.

appropriate and should be granted.  That is not, however, what has happened in this case.  Plaintiff's motion does not move this case forward.  Instead, granting the motion would cause delay and confusion as it includes allegations against persons who have already been dismissed and improperly seeks relief against some Defendants in their official capacities when such claims have already been dismissed.  Moreover, Plaintiff's proposed sixth amended complaint should be denied as futile because Plaintiff's allegations are insufficient to state a claim against Defendants Woodall and Adams.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for leave to file a sixth amended complaint, doc. 174, be **DENIED** and this case be remanded for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on June 9, 2015.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**