## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

JOHN C. SPAULDING,

      Plaintiff,

v.                                 CASE NO. 4:11-cv-00605-MP-CAS

RONNIE WOODALL, et al.,

      Defendants.

_____/

## O R D E R

      This cause comes on for consideration upon the Magistrate Judge's Amended Report and Recommendation dated June 9, 2015. (Doc. 180). As noted therein, the Amended Report and Recommendation at doc. 180 was issued by the Magistrate Judge to replace the Report and Recommendation entered on June 5, 2015, at doc. 177. Accordingly, the Clerk is hereby instructed to terminate the Report and Recommendation at doc. 177, pursuant to the issuance of the Amended Report and Recommendation at doc. 180.

      The parties have been furnished a copy of the Amended Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Plaintiff has filed objections at Doc. 184. I have made a *de novo* review based on those objections. Having considered the Amended Report and Recommendation, and the timely filed objections, I have determined that the Amended Report and Recommendation should be adopted. The undersigned writes separately to address a pertinent issue raised by Plaintiff in his objections.

      The Amended Report and Recommendation addresses Plaintiff's motion for leave to file

a sixth amended complaint, (doc. 174), ultimately recommending that the Court deny the motion. Among other things, Plaintiff's proposed amended complaint would add claims against Defendants Ronnie Woodall and J. Adams for deliberate indifference to Plaintiff's serious medical needs, specifically for their alleged failure to look into an alleged delay in Plaintiff's medical treatment.  Plaintiff alleges that he was injured in a fight with another inmate on May 1, 2011.  Doc. 174-1, ¶ 25.  He claims that treatment for his injuries from the fight was delayed and that he was not given an x-ray for nineteen days.  *Id.* ¶ 26.  He alleges that he wrote a grievance about the issue which was denied by a Jammie Kuhn in May of 2011.  *Id.*  He then "wrote a grievance on June 2, 2011, trying to receive medical treatment, which was denied by Dr. Madan and H.E. Gartman."  *Id.* ¶ 27.

During this time, on May 20, 2011, Defendant Woodall allegedly wrote an e-mail responding to an inquiry by Plaintiff's ex-wife.  According to Plaintiff, Woodall allegedly confirmed "that medical [had] ruled that [Plaintiff's] x-ray results were negative."  *Id.* ¶ 30. Plaintiff attached to his proposed amended complaint a portion of the e-mail exchange.  *Id.* at Ex. Z-5.[1]  Therein, Woodall stated that he spoke with Mrs. Kuhn, who had reviewed Plaintiff's medical records.  Woodall stated that Plaintiff was initially seen by an on-call nurse on May 4, 2011.  The email exchange does not explicitly indicate the x-ray results; however, Woodall stated that he was "glad that there were no permanent injuries . . . ."  *Id.*  Subsequently, on July 1, 2011, Plaintiff filed a grievance with the "Central Office."  The grievance was not received by the Central Office until July 15, 2011.  Defendant Adams, who was recently dismissed from this

---

[1] Pursuant to Federal Rule of Civil Procedure 10(c), exhibits attached to a pleading "are part of the pleading 'for all purposes.'" *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205 (11th Cir. 2007) (quoting Fed. R. Civ. P. 10(c)). Additionally, "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Id.* at 1206.

case (doc. 166), "returned the grievance without action . . . ."  Doc. 174-1 ¶ 32.

Plaintiff argues that these facts establish a claim against Defendants Woodall and Adams for deliberate indifference of Plaintiff's serious medical needs.  In his Amended Report and Recommendation, the Magistrate Judge disagreed.  The Magistrate Judge noted that these "factual allegations do not demonstrate that these two Defendants had any involvement in providing medical care to Plaintiff, nor were they responsible for any delay in treatment."  Doc. 180 at 4.  He found that a response to a grievance appeal and an email from a family member amount to, at most, only a "supervisory official claim."  *Id.* at 5.  However, the filing of a grievance with a supervisory person "does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied."  *Owens v. Leavins*, No. 5:05CV228/SPM/EMT, 2006 WL 2640275, at *4 (N.D. Fla. Sept. 13, 2006).  To establish such a claim, a plaintiff must allege facts showing either personal participation by the supervisor or a causal connection between the supervisor's actions and the alleged constitutional deprivation.  *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999).  Here, with respect to Plaintiff's new proposed claims against Defendants Woodall and Adams, the Magistrate Judge correctly found that Plaintiff had pled no facts tending to show either the requisite personal participation or the causal connection.  Accordingly, the Magistrate Judge recommended that the Court deny Plaintiff's motion for leave to amend.

In his objections, Plaintiff argues that his proposed claims against Defendants Woodall and Adams are comparable in nature to his pending claim against Defendant Gartman, in which Plaintiff alleges that Gartman denied his grievance seeking medical care for the injuries discussed herein.  Plaintiff notes that in the Amended Report and Recommendation dated February 17, 2015 (doc. 148), the Magistrate Judge recommended that this claim against

Defendant Gartman not be dismissed.  In so recommending, the Magistrate Judge noted that "grievances concerning medical issues are unique. . . . If a grievance provides a defendant with sufficient information for that official 'to have subjective knowledge of [the prisoner's] serious medical need' and that defendant fails to act on the prisoner's behalf, then the official may properly be held to answer for his or [her] own omission."  *Id.* at 16–17 (quoting *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1327 (11th Cir. 2007)).  Under such circumstances, a defendant has "a duty to look into the matter."  *Goebert*, 510 F.3d at 1328.

Plaintiff now argues that applying these same principles and reasoning to his new proposed claims against Defendants Woodall and Adams should warrant leave to amend. However, Plaintiff's objections are without merit.  For the reasons stated in the Report and Recommendation, the facts alleged by Plaintiff with regard to these proposed claims do not establish that either Woodall or Adams possessed sufficient information to have the requisite subjective knowledge of Plaintiff's alleged serious medical need.  Specifically regarding Defendant Woodall, the facts as alleged by Plaintiff actually tend to show that Woodall believed that the x-ray results were negative and that Plaintiff had suffered no permanent injuries.  *See* Doc. 174-1, ¶ 30, Ex. Z-5.  In short, the Court finds that the Magistrate Judge was correct in his analysis and that Plaintiff's motion for leave to file a sixth amended complaint should be denied.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Clerk shall terminate the Report and Recommendation at doc. 177, pursuant to the issuance of the Amended Report and Recommendation at doc. 180.

2. The Magistrate Judge's Amended Report and Recommendation (doc. 180) is adopted and incorporated by reference in this order.

3. Plaintiff's motion for leave to file a sixth amended complaint (doc. 174) is

DENIED.

4.      This case is remanded to the Magistrate Judge for further proceedings.

**DONE AND ORDERED** this  *13th* day of July, 2015

*s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge
