## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**JOHN C. SPAULDING,**

      **Plaintiff,**

**vs.**                                                    **Case No. 4:11cv605-MP/CAS**

**S. BASS, Z.Z. FORD,**
**H.E. GARTMAN, B. GOODWIN,**
**BRAD HOWARD, OFF. LANDRUM,**
**C. LAGOS, RONNIE WOODALL,**
**and MARTHA REYNOLDS,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se and in forma pauperis, has filed yet another motion seeking leave to file an amended complaint in this case. Doc. 209. This time Plaintiff seeks leave to file an eighth amended complaint. *Id.* The proposed eighth amended complaint was attached to the motion. Doc. 209-1.

In April 2015, Plaintiff filed a successive motion requesting leave to file fifth amended complaint, doc. 162[1]. That motion was denied. Docs. 163 and 178. While that Report and Recommendation, doc. 163, was still pending, Plaintiff filed a motion requesting leave to file a sixth amended complaint, doc. 174, on June 1, 2015. That motion was also denied. Docs. 180, 186. On July 23, 2015, Plaintiff filed a motion, doc.

_____

[1] Plaintiff filed a motion for leave to file a fifth amended complaint, doc. 81, on July 21, 2014. The motion was denied. Docs. 84, 102.

192, seeking leave to file a seventh amended complaint.  The Report and

Recommendation, doc. 196, which recommends denying that motion is still pending as

of this date.

Plaintiff explains that his desire to add new claims and Defendants is based on

the based, in part at least, "to reflect the eradicating of 'emotional and psychological

distress and trauma' for the issues of damages to comport with § 1997(e)."  Doc. 209 at

1.  Plaintiff contends that the Court "gave him notice that § 1997e(e) does not apply to

him for damages due to 'emotional and psychological distress' because he has been

released from custody . . . ."  *Id.*  Plaintiff provides no citation for that alleged notice.  No

citation could be given because it is incorrect.

The May 4, 2015, Report and Recommendation explained that under well

established case law in the Eleventh Circuit, damages are not available to Plaintiff for

mental or emotional injury pursuant to 42 U.S.C. § 1997e(e).  Doc. 163 (citing <u>Harris v.

Garner</u>, 216 F.3d 970 (11th Cir. 2000)).  Plaintiff brought this case while a prisoner and

any change in his status after case initiation is irrelevant.  *See* doc 163 (citing 216 F.3d

at 981).  That was the third time the explanation was provided to Plaintiff.  The first

explanation came in July 2014 when a Report and Recommendation was entered, doc.

84, to deny Plaintiff's first motion for leave to file a fifth amended complaint.  The second

explanation came in February 2015, in the Report and Recommendation, doc. 148,

which addressed four motions to dismiss.  There is no need to explain <u>Harris</u> for a fourth

time.  Plaintiff's instant motion, doc. 209, should be denied because his requests for

monetary damages above nominal damages are barred by 42 U.S.C. § 1997e(e).

Federal Rule of Civil Procedure 15(a) provides that amendment after a responsive pleading has been served, absent written consent of the adverse party, requires leave of court, but "leave shall be freely given when justice so requires."  The Eleventh Circuit has noted that rule 15(a) "severely restricts the district court's freedom." It has held that:

> This policy of rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial.

Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989).  Here, a substantial reason exists to deny the motion - Plaintiff's request for compensatory and punitive damages are barred.

The policy of generously permitting amendments under Rule 15(a) primarily involves new theories of liability against existing Defendants.  The decision of whether to allow a Plaintiff to join additional defendants is governed by a different standard. That decision is left to the discretion of the district court.  Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992) (finding no abuse of discretion in denying leave to amend when the claims were based on a "respondeat superior theory, which is unavailable under section 1983.").[2]

Here, Plaintiff wants to add claims against three additional Defendants: Nurse Jammie Kuhn, Dr. David Owens, and Dr. C.T. Le.   Plaintiff makes unsupported

---

[2]  The court, however, found it was an abuse of discretion to deny the plaintiff's motion to add a John Doe defendant, but the abuse noted was in relying on fictitious party practice, not because it considered him to be a proper defendant (leaving that for the district court to consider on remand).  951 F.2d at 1216.

Case 4:11-cv-00605-MP-CAS   Document 212   Filed 09/16/15   Page 4 of 5

allegations that these individuals were deliberately indifferent to his serious medical needs because they "falsified the x-ray results." Doc. 209; doc. 209-1. The radiology report for the x-rays taken of Plaintiff's right hand on May 19, 2011, stated there was "no evidence of fracture or dislocation." Doc. 209 at 11. Plaintiff claims that all reports of those x-rays are false based on a more recent x-ray taken in Miami.[3] Doc. 209 at 2. The finding was "deformity of the distal tuft of the third finger likely related to an old post-traumatic healed deformity." *Id.; see also* doc. 192 at 4. Plaintiff contends that finding shows that the May 19, 2011, x-ray results were "tampered with." Doc. 209 at 2.

Plaintiff's contention is not factually correct. The 2014 x-ray findings reveal an old injury to Plaintiff's third finger. Doc. 192 at 4. Plaintiff has consistently maintained in this case that as a result of his fight with another inmate on May 1, 2011, he broke the "metacarpal bone in his right pinky finger." Doc. 41 at 10; *see also doc.* 209-1 at 10. That is a different finger. Plaintiff's 2014 x-ray does not support his claim that these Defendants falsified the 2011 x-ray results and the motion for leave to file an eighth amended complaint should be denied.

This case has been pending since November 28, 2011. Docs. 1, 2. Discovery has been extended to September 30, 2015, and summary judgment motions are due to be filed by October 21, 2015. Doc. 211. Plaintiff's successive motion seeking leave to amend should be denied because it comes too late in this litigation. It is time to move forward to summary judgment and trial. This case should be confined to the allegations raised in the fourth amended complaint, doc. 41. This case will never conclude if

---

[3] Three x-rays were taken of Plaintiff's right hand on September 4, 2014. *See* doc. 192 at 4.

Case No. 4:11cv605-MP/CAS

Plaintiff is permitted to continually amend the pleadings adding new claims and new defendants.[4]  Plaintiff should be directed to stop filing motions seeking leave to amend. Plaintiff's motions to amend are not moving this case forward, and they hinder progress in other cases while redundant orders are issued.   Plaintiff's claims should proceed on the fourth amended complaint, doc. 41, as they have since February 19, 2014.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for leave to file an eighth amended complaint, doc. 209, be **DENIED** and this case be remanded for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 16, 2015.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

-------------------------

[4] Plaintiff's third amended civil rights complaint, doc. 17, was dismissed for failure to state a claim.  Doc. 22.  Plaintiff appealed, doc. 23, counsel was appointed to represent Plaintiff, doc. 34, and the case was reversed and remanded by the Eleventh Circuit Court of Appeals in early 2014 so Defendants could file a responsive pleading to Plaintiff's third amended complaint.  Doc. 36.  On February 13, 2014, Plaintiff filed a motion requesting leave to file a fourth amended complaint.  Doc. 38.  The motion was granted.  Doc. 40.  Plaintiff's fourth amended complaint was a considerable expansion over the third amended complaint.  Doc. 41.  It is that pleading which is still the operative complaint in this case.